Judge Pro Tem SCHWARTZMAN,
Dissenting.
I respectfully dissent, despite assuming that I.C. § 20-222 is in conflict with, and takes precedence over, I.C. § 19-2602. As noted, section 20-222 literally allows for the issuance of a warrant for “violating any of the conditions of probation” during “suspension of sentence.”
In this unusual and somewhat perplexing little case, there is a time difference between the period of probation (four years) and suspension of sentence (seven years). Whatever the reason,[1] by a plain reading of the statute that time differential is sufficient to give the district court additional jurisdiction of up to three years to initiate probation violation proceedings after the formal probation has expired.
Such an interpretation would also be in harmony with the thrust of section 19-2602, which seemingly would allow for the filing of a violation of probation years, if not decades, after its expiration if a defendant might have originally been sentenced to a life term.
It is not for this Court to more fully define the legal status of this “twilight zone” between probation, suspension of sentence and revocation of sentence, other than to simply follow the unambiguous dictates of the statute. Our interpretation dilemma is certainly deserving of legislative reconsideration leading to a more practical, but less conflicted, statutory solution.

. Perhaps it was the district court’s intent to give itself an enlarged window of opportunity, if needed, to enforce the restitution requirement.